IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF IOWA

| | | |
|---|---|---|
| UNITED STATES OF AMERICA, | * * * | 4:06-CR-00080 |
| Plaintiff, | * * | |
| v. | * * | |
| MARVIN DENNIS STARR, | * * | ORDER |
| Defendant. | * * | |

Before the Court is Defendant Marvin Dennis Starr's pro se Motion for Compassionate Release, filed on January 3, 2020.  ECF No. 82.  The Government filed its resistance on January 27.  ECF No. 90.  Defendant replied on February 13.  ECF No. 92.  The Federal Public Defender filed a supplemental brief in support, and the Court heard oral argument on April 17.  ECF Nos. 97–98.  The matter is fully submitted.

I.   BACKGROUND

On August 8, 2006, a jury convicted Defendant of the production and possession of child pornography.  ECF No. 56.  Defendant took nude pictures of very young girls in his neighborhood.  ECF No. 68 ¶ 6.  Some of these pictures displayed both the girls' and Defendant's genitalia.[1]  *Id.* ¶¶ 6–7.  Defendant had promised them dolls in exchange for posing.  *Id.* ¶ 5.  This Court sentenced Defendant, then sixty-nine years old, to 240 months imprisonment and ten years of supervised release.  ECF Nos. 64, 68.

Defendant repeatedly sought compassionate release from the Federal Bureau of Prisons (BOP).  *See* ECF No. 82.  In January of 2020, he brought his pro se Motion directly to this Court

---

[1] A picture showed Defendant's hands "on the nude buttocks" of a six-year-old.  ECF No. 68 ¶ 7.  Another picture showed Defendant's "penis between the crack of" a five-year-old's buttocks.  *Id.*

pursuant to 18 U.S.C. § 3582(c).  *Id.*  Before the Court ruled on Defendant's Motion, the Federal Public Defender (FPD) appeared on Defendant's behalf.  ECF No. 94.  The FPD argued the global pandemic known as COVID-19 provided an additional reason for release not mentioned in Defendant's pro se Motion.  ECF No. 97.

## II.  ANALYSIS

Compassionate release provides a path for defendants with "extraordinary and compelling reasons" to leave prison early.  § 3582(c)(1)(A).  But no matter how extraordinary and compelling the reasons, a Court may only grant release "after considering the factors set forth in [18 U.S.C. §] 3553(a) to the extent that they are applicable."  *Id.*

They are applicable.  After much reflection and consideration of those factors, the Court is unable to grant release.[2]  This is so because of the severity of Defendant's offenses; his total lack of remorse; and his release plan's hard-to-mitigate risks.

First, "the nature and circumstances of the offense" are among the most serious to come before a federal court.  § 3553(a)(1).  Defendant manipulated and traumatized some of his community's most vulnerable members.  *See* ECF No. 68 at 6 ("She doesn't go places alone anymore.").  In one of his pro se filings, Defendant described this as a "hands-off" case.  ECF No. 82 at 17.  That is a lie.  *See* ECF No. 68 ¶ 8.

Meanwhile, "the history and characteristics of the defendant," § 3553(a)(1), along with the need to "reflect the seriousness of the offense [and] promote respect for the law," § 3553(a)(2)(A), give the Court great pause.  Defendant has shown a shocking "lack of remorse." *United States v. Almazan*, 908 F. Supp. 2d 963, 972–73 (N.D. Iowa 2012).  Instead, he has attributed his case "to his neglect and failure to secure his digital camera from the mischievous

---

[2] It is thus unnecessary to address the Government's arguments regarding exhaustion and extraordinary and compelling reasons.

hands of his wayward youthful neighbor children." ECF No. 82 at 17. "I do not accept responsibility for this," he said at oral argument. ECF No. 102 at 22:14.

To be sure, Defendant has behaved well in prison and lacked a record prior to his late-in-life conviction. But as a nearby federal court noted in another child-pornography-production case, Defendant's "lack of remorse is an aggravating factor which outweighs his prior lack of a significant criminal history." *Almazan*, 908 F. Supp. 2d at 972–73 (collecting cases).

Defendant's lack of remorse raises doubts about whether he "respect[s] the law," § 3553(a)(2)(A), and received sufficient "deterrence," § 3553(a)(2)(B). This, in turn, suggests the public may not be protected sufficiently should he be released. § 3553(a)(2)(C). If one has not come to terms with his past's wrongs, it follows he may be more likely to repeat those wrongs than someone who has. *See* June P. Tangney et al., *Two Faces of Shame: The Roles of Shame and Guilt in Predicting Recidivism*, 25 Psychol. Sci. 799 (2014) ("Inmates prone to feelings of guilt about specific behaviors are less likely to subsequently reoffend than their less guilt-prone peers."), https://www.ncbi.nlm.nih.gov/pmc/articles/PMC4105017/. The Court urges Defendant to pursue whatever sex-offender or psychological programming is available.[3] *See* § 3553(a)(2)(D).

The Court also is unwilling to adopt the alternative "sentences available." § 3553(a)(3) Compassionate release allows a Court, if necessary, to "impose a term of probation or supervised release with or without conditions that does not exceed the unserved portion of the original term of imprisonment." § 3582(c)(1)(A). Defendant proposes that he serve a non-custodial sentence

---

[3] The Court appreciates that the BOP limits sex-offender treatment to a small list of prisons that does not include Defendant's. *See Sex Offenders*, Fed. Bureau Prisons, https://www.bop.gov/inmates/custody_and_care/sex_offenders.jsp (last visited May 7, 2020). As the Court notes in this Order's conclusion, it strongly recommends the BOP transfer Defendant to a facility with such programming.

at his home in Promise City, Iowa.[4] *See* ECF No. 68 at 2. Defendant's offenses occurred in this home—and in his victims' neighborhood.

"Many federal crimes do not have identifiable victims—narcotics conspiracies and illegal immigration, for example. But some do . . . ." D. Brock Hornby, *Speaking in Sentences*, 14 Green Bag 2d 147, 152 (2011). Making child pornography is one of them. Acknowledgment of victims' harm, "dignity[,] and respect" as one factor in sentencing helps "restore balance" to the process. *See id.* Defendant's actions constituted a great harm unto his neighbors, a harm they no doubt spent the past decade struggling to move past. Releasing Defendant now, given his current attitude, almost certainly would make that more difficult.

Of course, Defendant has dignity, too. COVID-19 adds risks to his incarceration that the Court did not foresee. This pandemic cannot be just another downside of prison one accepts in breaking the law; no person deserves such callousness. The Court does not minimize Defendant's crimes. It is "simply suggesting that [he is a] human being[]," one worthy of the same baseline level of respect as all involved in this case. Richard S. Arnold, Remarks Before the Judicial Conference of the Eighth Circuit: The Art of Judging (Aug. 8, 2002).

Balancing the risks of keeping a man in prison with those of releasing him back to society is "perhaps the most difficult task of a trial court judge." Jack B. Weinstein, *Does Religion Have A Role in Criminal Sentencing?*, 23 Touro L. Rev. 539, 539 (2007). Those who enjoy it, probably should not have the job. *See* Edward J. Devitt, *Ten Commandments for the New Judge*, 65 A.B.A. J. 574 (1979), *reprinted in* 82 F.R.D. 209 (1979). That said, the Court is unable to

---

[4] Defendant's sister, of nearby Moulton, Iowa, provided an affidavit to the Court in which she agreed to let Defendant live with her for up to forty-five days immediately following his release. ECF No. 101. During the hearing on this Motion, Defendant said he planned to stay with his sister for one night. ECF No. 102 at 16:11–13.

release Defendant in his current state under this plan. For the foregoing reasons, Defendant's motion for compassionate release is denied.

### III. CONCLUSION

For the reasons stated herein, Defendant's Motion for Compassionate Release (ECF No. 82) is DENIED. The Court strongly recommends the BOP transfer Defendant to a facility with sex-offender treatment.

IT IS SO ORDERED.

Dated this 8th day of May 2020.

_____
ROBERT W. PRATT, Judge
U.S. DISTRICT COURT